UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61341-SMITH/VALLE

Nahlah Melaih,

    Plaintiff,

v.

MSC Cruises, S.A.,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant Park West's Affirmative Defenses (ECF No. 29) (the "Motion to Strike").[1] U.S. District Judge Rodney Smith has referred all non-dispositive pretrial motions to the undersigned for appropriate resolution.[2] *See* (ECF No. 18). Accordingly, having reviewed the Motion, Park West's Response (ECF No. 30), Plaintiff's Reply (ECF No. 33), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **GRANTED IN PART AND DENIED IN PART** for the reasons stated below.

### I.    BACKGROUND

Plaintiff commenced this maritime personal injury action against Defendants MSC

---

[1] Plaintiff also filed a motion to strike co-defendant MSC's affirmative defenses, which will be addressed separately. (ECF No. 28).

[2] Motions to strike pleadings may be ruled upon by a magistrate judge by order unless they have dispositive effect. *See Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-CV-20608, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *see also Triolo v. United States*, No. 18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); Fed. R. Civ. P. 72(a). Here, because the undersigned concludes that at least one affirmative defense should be stricken with prejudice, the ruling has dispositive effect and requires a Report and Recommendation to the District Judge.

Cruises, S.A. ("MSC") and Park West Galleries, Inc. ("Defendant" or "Park West") on July 3, 2020. (ECF No. 1). Generally, Plaintiff seeks damages for injuries she allegedly sustained after she slipped on a wet and/or slippery surface caused by water leaking from the ceiling at Park West's art gallery onboard the MSC *Seaside*. (ECF No. 1 at ¶¶ 15-18). On September 17, 2020, Plaintiff filed a 15-count First Amended Complaint (the "Amended Complaint"). *See generally* (ECF No. 23). As to Defendant Park West, the Amended Complaint alleges six causes of action: (i) negligent hiring and retention (Count X); (ii) negligent supervision and training (Count XI); (iii) negligent failure to warn of dangerous conditions (Count XII); (iv) negligent design, installation, and/or approval of the subject area and the vicinity (Count XIII); (v) vicarious liability for the acts of defendant Park West's employees and/or agents (Count XIV); and (vi) negligent failure to inspect, clean, maintain, repair, remedy, and/or take other reasonable measure for the safety of Plaintiff (Count XV).[3] *See generally* (ECF No. 23 ¶¶ 192-292). Thereafter, on October 1, 2020, Defendant answered the Amended Complaint and asserted twelve affirmative defenses. (ECF No. 26 at 12-14).

Presently before the Court is Plaintiff's Motion to strike the affirmative defenses. *See generally* (ECF No. 29). According to Plaintiff, the affirmative defenses should be stricken because they lack the requisite factual support, constitute conclusory shotgun pleadings, and/or are not legally viable. *Id*. In response, Defendant asserts that the defenses satisfy the lower pleading standard of Rule 8(b) and are factually and legally sufficient. *See generally* (ECF No. 30).

Of the 12 affirmative defenses, Plaintiff raises specific challenges to the following five:

<u>First Affirmative Defense</u>:  Defendant affirmatively alleges a failure to state a claim for which relief can be granted under this cause of action. As for one instance, Plaintiff's First Amended Complaint is deficient in that it fails to state whether all presuit conditions for bringing a medical malpractice action have been complied with

---

[3] The Amended Complaint alleged nine causes of action against defendant MSC. *See generally* (ECF No. 23).

under Chapter 766 of the Florida Statutes and, more specifically, the good faith certificate required per Fla. Stat. § 766.104(1).

Third Affirmative Defense: Defendant affirmatively alleges that there were sufficient intervening and superseding causes, including the negligence of other persons, parties, or entities, to which Defendant had no control and are responsible for the alleged damages. Defendant will identify any other persons, parties, or entities as discovery moves forward.

Fourth Affirmative Defense: Defendant affirmatively alleges that Plaintiff failed to mitigate her damages, if any.

Seventh Affirmative Defense: Defendant affirmatively alleges that at the time and place complained of, persons/parties/non-parties not operating under the control and consent of Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against Defendant. Any such persons or entities who/which are presently unknown may be revealed during the course of discovery. Defendant's liability, if any, must be apportioned, denied or reduced in proportion to the degree of fault attributable to these other persons or entities. Defendant will identify all such persons or entities as they are identified in discovery, and revise this affirmative defense at such time.

Twelfth Affirmative Defense: Defendant affirmatively alleges that Plaintiff assumed the risk of sustaining any injury when she voluntarily traversed the vessel in its present condition.

(ECF No. 26 at 12-14).

As to the remaining seven affirmative defenses, Plaintiff summarily argues that these should be stricken because they "fail to admit any allegations [in the amended Complaint], fail to cite to any facts, and are impermissible shotgun affirmative defenses." (ECF No. 29 at 10).

## II.     LEGAL STANDARDS

### A. Rule 12(f) and Affirmative Defenses Generally

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and gives courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 691 (S.D. Fla. 2020); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019); *Kapow of Boca Raton, Inc. v. Aspen*

3

*Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (citations omitted); *U.S. Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). Nonetheless, despite the court's broad discretion, granting a motion to strike is considered a drastic remedy and is disfavored. *Birren*, 336 F.R.D. at 691-92; *Dionisio,* 391 F. Supp. 3d at 1191; *Kapow*, 2017 WL 5159601, at *2 (citations omitted); *Hilson v. D'more Help, Inc.*, No. 15-CV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (citation omitted). An affirmative defense is one "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hilson*, 2015 WL 5308713, at *1 (citation omitted). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Birren*, 336 F.R.D. at 692; *Northrop and Johnson Holding Co., Inc. v. Lehay*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671); *Dionisio*, 391 F. Supp. 3d at 1191-92 (citation and quotations omitted); *Kapow*, 2017 WL 5159601, at *4 ("Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more than bare-bones conclusory allegations.") (citations and quotation omitted); *Mintco*, 2016 WL 3944101, at *2 (noting that affirmative defenses will be stricken if insufficient as a matter of law) (citations omitted); *see also* Fed. R. Civ. P. 12(f). An affirmative defense is insufficient as a matter of law where: "(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as

4

a matter of law." *Birren*, 336 F.R.D. at 692; *Dionisio*, 391 F. Supp. 3d at 1192; *Kapow*, 2017 WL 5159601, at *3 (citations and quotations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. *Birren*, 336 F.R.D. at 692; *Dionisio*, 391 F. Supp. 3d at 1192; *see also Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 599 (S.D. Fla. 2019) (concluding that both complaints and affirmative defenses must comply with the pleading standards of Rule 8). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See e.g., Andean Life, LLC, v. Barry Callebaut U.S.A. LLC,* No. 20-CV-20765, 2020 WL 1703552, at *3 (S.D. Fla. Apr. 8, 2020) (holding that both complaints and affirmative defenses are subject to the higher pleading standards of *Twombly* and *Iqbal*); *see also Birren*, 336 F.R.D. at 692 (discussing split of opinion and collecting cases adopting heightened pleading standard); *Dionisio*, 391 F. Supp. 3d at 1192 (same). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Birren*, 336 F.R.D. at 692 (holding that affirmative defenses are not subject to the heightened pleading standard of *Twombly* and *Iqbal*); *Dionisio,* 391 F. Supp. 3d at 1192 (same); *see also Gonzalez v. Scottsdale Ins. Co.*, No. 20-CV-20747, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (discussing the difference between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses) and collecting cases); *Mt. Hawley Ins. Co., v. Boca Bayou Condominium Ass'n., Inc.*, No. 18-CV-81656, 2019 WL 7837288 (S.D. Fla. Dec. 20, 2019), *report and*

*recommendation adopted*, No. 18-CV-81656-SMITH, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020); *Kapow*, 2017 WL 5159601, at *2; *Mintco*, 2016 WL 3944101, at *3; *Hilson*, 2015 WL 5308713, at *2.

In the undersigned's view, and in the absence of Eleventh circuit precedent, affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*. *See, e.g., Birren,* 336 F.R.D. at 692; *Milgram v. Chase Bank USA, N.A.*, No. 19-CV-60929, 2020 WL 3791609, at *3 (S.D. Fla. July 6, 2020) (discussing pleading standards and concluding that affirmative defenses are not subject to higher pleading standards).

### III.  DISCUSSION

According to Plaintiff, the affirmative defenses at issue should be stricken because they fail to allege any facts upon which the defenses are based, assert bare-bones conclusions, constitute shotgun pleadings not related to a particular factual or legal allegation in the Amended Complaint, and fail to comply with the pleading standards of Rule 8(a) (hereafter, "Plaintiff's general allegations of insufficiency"). *See generally* (ECF No. 29). Plaintiff also argues that several of the defenses are legally insufficient. *Id.* at 3-10. As discussed above, the undersigned declines Plaintiff's invitation to impose the higher pleading standard of *Iqbal* and *Twombly* to affirmative defenses and finds that the affirmative defenses as pled provide sufficient notice to Plaintiff to withstand the motion to strike. Accordingly, Plaintiff's summary allegations as to Affirmative Defenses 2, 5, 6, and 8 through 11 fail and those defenses should not be stricken. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (holding that arguments raised "in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (citations omitted). The undersigned next turns to the five defenses that Plaintiff has specifically challenged.

### A. Defenses to be Treated as a Denial
### (Affirmative Defense No. 1)

In its First Affirmative Defense, Defendant asserts that the Amended Complaint fails to state a claim upon which relief may be granted. (ECF No. 26 at 12). Plaintiff argues that this affirmative defense should be stricken, based on Plaintiff's general allegations of insufficiency. (ECF No. 29 at 2-3). In its response, Defendant argues that the "Court should find that Park West's First Affirmative Defense is properly pled as a specific denial." (ECF No. 30 at 6).

The First Affirmative Defense simply points out a defect or lack of evidence in Plaintiff's case, and is not an affirmative defense. *In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Birren*, 336 F.R.D. at 697 (declining to strike affirmative defense that amended complaint failed to state a cause of action and instead treating it as a specific denial) (citations omitted)). But, when a specific denial is labeled as an affirmative defense, the "court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial." *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (citing *F.D.I.C. v. Bristol Home Mortgage Lending, LLC,* No. 08-CV-81536, 2009 WL 2488302, *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, the undersigned finds that the First Affirmative Defense should be treated as denial, rather than be stricken.

### B. Defenses Alleging Intervening/Superseding Events and Proximate Cause
### (Affirmative Defenses Nos. 3, 7)

In the Third Affirmative Defense, Defendant asserts that intervening and superseding causes, *including the negligence of other persons, parties, or entities* over which Defendant had no control, are responsible for the alleged damages. (ECF No. 26 at 13) (emphasis added). In addition to Plaintiff's general allegations of insufficiency, Plaintiff argues that this defense should be stricken because it is based on Florida's *Fabre* doctrine, which is inapplicable under federal

7

maritime law.[4]  (ECF No. 29 at 3-5).  In response, Defendant argues that "it is permissible for [it] to seek apportionment of damages and fault between all potential parties and non-parties, whether known or unknown at the time of asserting the defense."  (ECF No. 30 at 9).  According to Defendant, "discovery will reveal the identity of other parties who are unknown at this time but who should bear a percentage of fault for Plaintiff's alleged damages," after which Defendant would amend this affirmative defense.  *Id.* at 10.  Lastly, Defendant states that the doctrine of comparative negligence in personal injury cases is recognized in federal maritime actions, and thus the Third Affirmative Defense is properly pled.  *Id.* at 9-10.

"Under general federal maritime law, a superseding cause defense, if successful, completely exculpates the defendant from any liability in the matter."  *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836-37 (1996)); *Birren*, 336 F.R.D. at 697.  Here, this defense is sufficiently pled and provides Plaintiff with adequate notice of Defendant's intent to assert the existence of a superseding or intervening event that "cut off any causal connection between [Defendant's] alleged negligence and [Plaintiff's] injuries."  *Birren*, 336 F.R.D. at 697.  As well, whether an incident was caused by an intervening or superseding event is an issue of fact that is better resolved at the summary judgment stage rather than in a motion to strike.  *Id.* at 697 (citing *Iskandar v. Royal Caribbean Cruises, Ltd.*, No. 18-CV-23812, 2018 WL 746362, at *2 (S.D. Fla. Nov. 20, 2018)); *Francis v. MSC Cruises, S.A.*, No. 18-CV-61463, 2018 WL 4693526, at *1 (S.D. Fla. Sept. 27, 2018).

---

[4] In *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), the Florida Supreme Court held that "judgment should be entered against each party liable on the basis of that party's percentage of fault," regardless of whether the other liable parties have been named defendants in the subject lawsuit. Accordingly, *Fabre* permits reduction of a named defendant's liability by the fault of *non-parties* to the suit.

That said, however, "it is error to apportion fault between a party and a non-party in a federal maritime action, because determinations of liability and causation should be settled 'between two live opponents,' rather than by a plaintiff and a defendant, in the absence of the non-party to whom liability is being apportioned." *Wiegand*, 473 F. Supp. 3d at 1351  (citing to *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993)).  Thus, Florida's *Fabre* defense allowing apportionment of liability to non-parties is not applicable in federal maritime actions.  *Id.*  Instead, under general maritime law, the "principles of joint and several liability under which a plaintiff may obtain judgment for the full amount against any and all joint tortfeasors without regard to percentage of fault are binding."  *Id.*  (internal quotation marks omitted) (citing *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716 (11th Cir. 1982)).  Hence, that part of the Third Affirmative Defense that refers to the negligence of other persons, parties, or entities to reduce Defendant's liability is misplaced.  Consequently, the undersigned recommends that the Third Affirmative Defense be stricken without prejudice to replead in accordance with the limitations discussed above.

Turning to the Seventh Affirmative Defense, Defendant asserts that "persons/parties/non-parties not operating under the control and consent of" Defendant caused the alleged accident and damages, and that "such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against Defendant."  (ECF No. 26 at 13).  The defense further asserts that Defendant's liability, if any, "must be apportioned, denied or reduced in proportion to the degree of fault attributable to these other persons or entities," whom Defendant will identify through discovery.  *Id.* at 14-15.

In addition to Plaintiff's general allegations of insufficiency, Plaintiff argues that the Seventh Affirmative Defense should be stricken as redundant or duplicative of the Third Affirmative Defense, discussed above.  (ECF No. 29 at 6-7).  Plaintiff further argues that this

affirmative defense should be stricken because it incorporates the *Fabre* doctrine, which is inapplicable in federal maritime cases. *Id.* at 7-8. In response, Defendant argues that apportionment of damages between all potential parties and non-parties is an accepted principle of maritime law. (ECF No. 30 at 12). Defendant offers to amend its affirmative defense once discovery reveals the "identity of other parties who are unknown at this time but who should bear a percentage of fault for Plaintiff's alleged damages." *Id.* at 12-13.

Against this backdrop, the undersigned finds that the Seventh Affirmative Defense should be stricken with prejudice for two reasons. First, it is duplicative of the Third Affirmative Defense, which challenges proximate cause. Second, the defense incorporates the *Fabre* doctrine, which is inapplicable in this federal maritime case. *Wiegand,* 473 F. Supp. 3d at 1351.

### C. Defense Alleging Mitigation
   (Affirmative Defense No. 4)

Defendant's Fourth Affirmative Defense generally alleges that Plaintiff failed to mitigate her damages, if any. (ECF No. 26 at 13). Plaintiff argues that the defense should be stricken, based on Plaintiff's general allegations of insufficiency. (ECF No. 29 at 5-6). Defendant responds that "discovery will reveal Plaintiff's failure to seek out prompt medical treatment for her alleged injuries and/or failure to seek proper follow-up treatment," and argues that the affirmative defense is sufficiently pled. (ECF No. 30 at 11).

Failure to mitigate damages is a valid defense in admiralty cases. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). Here, the undersigned finds that the Fourth Affirmative Defense provides sufficient notice to Plaintiff and should not be stricken. *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-24687, 2017 WL 7792720, at *4 (S.D. Fla. Aug. 18, 2017), *report and recommendation adopted,* No. 16-CV-24687, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017) (general allegation of failure to mitigate defense was sufficient to place plaintiff on notice that the defense was being raised and should not be stricken) (citing *Tsavaris v. Pfizer,*

*Inc.*, 310 F.R.D. 678, 681 (S.D. Fla. 2015)); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

### D. Defense Alleging Assumption of Risk (Affirmative Defense No. 12)

Lastly, Defendant's Affirmative Defense asserts that Plaintiff assumed the risk of injury when she voluntarily traversed the vessel in its present condition. (ECF No. 26 at 14). In addition to Plaintiff's general allegations of insufficiency, Plaintiff argues that this affirmative defense should be stricken because the assumption of risk doctrine is not applicable under general maritime law. (ECF No. 29 at 8). According to Plaintiff, the correct standard is the comparative negligence doctrine, which Plaintiff claims Defendant properly asserted in its Second Affirmative Defense.[5] (ECF No. 29 at 8). In response, Defendant argues that the affirmative defense sufficiently places Plaintiff on notice and that assumption of risk is a viable defense. (ECF No. 30 at 13).

Contrary to Plaintiff's argument, the assumption of risk defense is available in maritime cases where, as here, the defendant alleges that *the plaintiff* assumed the risk. *Wiegand*, 473 F. Supp. 3d at 1351. However, "'any assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence,' to ensure that [it] 'is not a bar to recovery, but only mitigates damages.'" *Id.* (citing *In re Gozleveli*, No. 12-CV-61458, 2015 WL 3917089, at *4-5 (S.D. Fla. June 25, 2015)); *see also Edward Leasing Corp. v. Uhlig & Assocs., Inc.*, 785 F.2d 877, 886 (11th Cir. 1986) ("The assumption of the risk defense is not a bar to recovery in admiralty. [Rather] [a]ny rule of assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of

---

[5] In the Second Affirmative Defense, Defendant asserts that " Plaintiff was negligent, and that such negligence was the sole and legal cause of the accident described in the First Amended Complaint, thereby barring all claims; or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault under the doctrine of comparative negligence." (ECF No. 26 at 12-13).

11

comparative negligence and in harmony with it.") (citing *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. 424, 431 (1939)). Given the more liberal pleading standard for affirmative defenses, the undersigned finds that this defense placed Plaintiff on notice of Defendant's intent to reduce its damages by percentage of fault, including an assumption of risk, attributable to Plaintiff. *See In re Gozleveli*, 2015 WL 3917089, at *4 (citing *Gorday v. Faris,* 523 So.2d 1215, 1219 (Fla. 1st DCA 1988)). Accordingly, the Twelfth Affirmative Defense should not be stricken.

### E. Remaining Affirmative Defenses (Affirmative Defenses Nos. 2, 5, 6, and 8-11)

As to the remaining seven affirmative defenses, Plaintiff summarily argues that these should be stricken because the affirmative defenses "fail to admit any allegations [in the Amended Complaint], fail to cite to any facts, and are impermissible shotgun affirmative defenses." (ECF No. 29 at 10). But arguments raised only in passing need not be addressed by the Court. *See, e.g.*, *N.L.R.B.*, 138 F.3d at 1422 (holding that arguments raised "in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (citations omitted). Moreover, Plaintiff's argument that these defenses lack sufficient factual details is based on the higher pleading standard set forth in *Andean Life, LLC*, 2020 WL 1703552, which, as discussed *supra* at II.B., this Court declines to follow. As discussed above, the undersigned finds that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*. *See, e.g., Birren,* 336 F.R.D. at 692; *Milgram*, 2020 WL 3791609, at *3 (discussing pleading standards and concluding that affirmative defenses are not subject to higher pleading standards). Accordingly, Affirmative Defenses 2, 5, 6, and 8 through 11 should not be stricken.

## IV. RECOMMENDATION

For reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 29) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion be **DENIED** as to Defendant's First Affirmative Defense. This Affirmative Defense should be **TREATED AS A DENIAL**.

2. The Motion be **DENIED** as to the Second, Fourth, Fifth, Sixth, Eight, Ninth, Tenth, Eleventh and Twelfth Affirmative Defenses.

3. The Motion be **GRANTED** as to the Third Affirmative Defense. This Affirmative Defense should be **STRICKEN WITHOUT PREJUDICE** to replead.

4. The Motion be **GRANTED** as to the Seventh Affirmative Defense. The Seventh Affirmative Defense should be **STRICKEN WITH PREJUDICE**.

Within **seven (7)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 27, 2021.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record