UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61341-SMITH/VALLE

Nahlah Melaih,

    Plaintiff,

v.

MSC Cruises, S.A.,
*et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant MSC's Affirmative Defenses (ECF No. 28) (the "Motion").[1] U.S. District Judge Rodney Smith has referred all non-dispositive pretrial motions to the undersigned for appropriate resolution.[2] *See* (ECF No. 18). Accordingly, having reviewed the Motion, Defendant's Response (ECF No. 31), Plaintiff's Reply (ECF No. 32), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **GRANTED IN PART AND DENIED IN PART** for the reasons stated below.

### I.    BACKGROUND

Plaintiff commenced this maritime personal injury action against Defendants MSC Cruises, S.A. ("Defendant" or "MSC") and Park West Galleries, Inc. ("Park West") on July 3, 2020. (ECF

---

[1] Plaintiff filed a motion to strike co-defendant Park West's affirmative defenses, which will be addressed separately. *See* (ECF No. 29).

[2] Motions to strike pleadings may be ruled upon by a magistrate judge by order unless they have dispositive effect. *See Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-CV-20608, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *see also Triolo v. United States*, No. 18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); Fed. R. Civ. P. 72(a). Here, because the undersigned finds that at least one affirmative defense be stricken with prejudice, the ruling has dispositive effect and requires a Report and Recommendation to the District Judge.

No. 1). Generally, Plaintiff seeks damages for injuries she allegedly sustained after she slipped on a wet and/or slippery surface caused by water leaking from the ceiling at Park West's art gallery onboard the MSC *Seaside*. (ECF No. 1 at ¶¶ 15-18). Thereafter, on September 17, 2020, Plaintiff filed a 15-count First Amended Complaint (the "Amended Complaint"). *See generally* (ECF No. 23). As to Defendant MSC, the Amended Complaint alleges nine causes of action: (i) negligent hiring and retention (Count I); (ii) negligent supervision and training (Count II); (iii) negligent failure to warn of dangerous conditions (Count III); (iv) negligent design, installation, and/or approval of the subject area and the vicinity (Count IV); (v) vicarious liability for the acts of Defendant's employees and/or agents (Count V); (vi) negligent failure to inspect, clean, maintain, repair, remedy, and/or take other reasonable measure for the safety of Plaintiff (Count VI); (vii) vicarious liability for the negligence of the ship's medical staff (Count VII); (viii) apparent agency for the acts of the ship's medical staff (Count VIII); and (ix) assumption of duty for the negligence of the ship's medical staff (Count IX).[3] *See generally* (ECF No. 23 ¶¶ 37-191). On October 1, 2020, Defendant MSC answered the Amended Complaint and asserted twenty-two affirmative defenses. (ECF No. 25 at 16-20).

Presently before the Court is Plaintiff's Motion to strike thirteen of MSC's affirmative defenses. *See generally* (ECF No. 28). In the Motion, Plaintiff generally asserts that Defendant's affirmative defenses lack the requisite factual support, constitute shotgun pleadings, and/or are not cognizable as a matter of law. *Id*. In response, Defendant argues that its defenses satisfy the lower pleading standard of Rule 8(b) and are factually and legally sufficient. *Id.*

In particular, Plaintiff challenges the following affirmative defenses:

---

[3] As to defendant Park West, the Amended Complaint alleges six causes of action: (i) negligent hiring and retention (Count X); (ii) negligent supervision and training (Count XI); (iii) negligent failure to warn of dangerous conditions (Count XII); (iv) negligent design, installation, and/or approval of the subject area and the vicinity (Count XIII); (v) vicarious liability for the acts of defendant Park West's employees and/or agents (Count XIV); and (vi) negligent failure to inspect, clean, maintain, repair, remedy, and/or take other reasonable measure for the safety of Plaintiff (Count XV). *See* (ECF No. 23)

Second Affirmative Defense:  [Defendant] asserts that the Plaintiff did not exercise ordinary care or caution and failed to keep a proper and sufficient lookout to avoid the events and circumstances which caused her alleged injuries, damages, or losses, if any, the existence of which [Defendant] specifically denied; and the Plaintiff's own failure to exercise such care was the direct and proximate cause of the injuries, damages and/or losses allegedly sustained by Plaintiff.

Fourth Affirmative Defense:  [Defendant] asserts that the incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which [Defendant] has no duty to protect Plaintiff.

Fifth Affirmative Defense:  [Defendant] asserts that the Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate her damages.

Sixth Affirmative Defense:  [Defendant] asserts that the damages allegedly suffered by the Plaintiff were not the result of any act or omission on the part of [Defendant], but were caused by Plaintiff's pre-existing injuries and/or other trauma or illness suffered by the Plaintiff during her lifetime. To the extent that [Defendant] is liable for aggravating any pre-existing injury, illness or condition, which [Defendant] specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that said pre-existing injury, illness or condition was aggravated by the conduct or omission of [Defendant].

Seventh Affirmative Defense:  [Defendant] asserts that as a result of the conduct, acts or omissions of the Plaintiff as asserted in the Second Affirmative Defense above, the Plaintiff is estopped from claiming the damages alleged in the Complaint.

Ninth Affirmative Defense:  [Defendant] asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

Tenth Affirmative Defense:  [Defendant] asserts that any injuries or damages suffered by Plaintiff, if any, were solely caused by the actions and/or omissions of third parties for whom [Defendant] has no responsibility or liability.

Twelfth Affirmative Defense:  [Defendant] asserts that it has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint, if any; however, in the event that [Defendant] is held liable, any liability being specifically denied by [Defendant], said liability will be due in whole or in part to the breach of warranty, acts or omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by the Plaintiff against [Defendant] should be reduced in proportion to the respective negligence, fault or responsibility of all other parties, persons or entities, including their agents, servants, representatives, or employees who contributed to or

3

caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

Sixteenth Affirmative Defense: [Defendant] asserts that, to the extent applicable, any award of damages to Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by Plaintiff.[4]

Seventeenth Affirmative Defense: [Defendant] asserts that this action is governed by, and subject to, the terms, limitations and conditions contained within the Passenger Ticket Contract, and [Defendant] adopts and incorporates same in its entirety into its answer by reference.

Eighteenth Affirmative Defense: [Defendant] asserts that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

Twentieth Affirmative Defense: [Defendant] asserts that Plaintiff's alleged incident was caused by a force majeure and/or Act of God. Force Majeure's and/or Acts of God are beyond Defendant's control. Defendant is not liable for any loss or injury arising from a force majeure and/or Act of God.

Twenty-Second Affirmative Defense: [Defendant] asserts that in the Ticket Contract it informed Plaintiff that medical center doctors and nurses are independent contractors. Plaintiff knew or should have known ship doctors and nurses are not [Defendant]'s employees or agents. [Defendant] is not liable for the acts or omissions of independent contractors.

(ECF No. 25 at 16-20).

## II. LEGAL STANDARDS

### A. Rule 12(f) and Affirmative Defenses Generally

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and gives courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 691 (S.D. Fla. 2020); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (citations omitted); *U.S.*

---

[4] In response to the Motion, Defendant has agreed to withdraw its Sixteenth Affirmative Defense. (ECF No. 31 at 1 n.1). Accordingly, as to this Affirmative Defense, the Motion should be **DENIED AS MOOT**.

4

*Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). Nonetheless, despite the court's broad discretion, granting a motion to strike is considered a drastic remedy and is generally disfavored. *Birren*, 336 F.R.D. at 691-92; *Dionisio,* 391 F. Supp. 3d at 1191; *Kapow*, 2017 WL 5159601, at *2 (citations omitted); *Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (citation omitted). An affirmative defense is one "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hilson*, 2015 WL 5308713, at *1 (citation omitted). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Birren*, 336 F.R.D. at 692; *Northrop and Johnson Holding Co., Inc. v. Lehay*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671); *Dionisio*, 391 F. Supp. 3d at 1191-92 (citation and quotations omitted); *Kapow*, 2017 WL 5159601, at *4 ("Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more than bare-bones conclusory allegations.") (citations and quotation omitted); *Mintco*, 2016 WL 3944101, at *2 (noting that affirmative defenses will be stricken if insufficient as a matter of law) (citations omitted); *see also* Fed. R. Civ. P. 12(f). An affirmative defense is insufficient as a matter of law only if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Birren*, 336 F.R.D. at 692; *Dionisio*, 391 F. Supp. 3d at 1192; *Kapow*, 2017 WL 5159601, at *3 (citations and quotations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. *Birren*, 336 F.R.D. at 692; *Dionisio*, 391 F. Supp. at 1192; *see also Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 599 (S.D. Fla. 2019) (concluding that both complaints and affirmative defenses must comply with the pleading standards of Rule 8). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See, e.g., Andean Life, LLC, v. Barry Callebaut U.S.A. LLC,* No. 20-CV-20765, 2020 WL 1703552, at *3 (S.D. Fla. Apr. 8, 2020) (holding that both complaints and affirmative defenses are subject to the higher pleading standards of *Twombly* and *Iqbal*); *see also Birren*, 336 F.R.D. at 692 (discussing split of opinion and collecting cases adopting heightened pleading standard); *Dionisio*, 391 F. Supp. 3d at 1192 (same). Other courts, including the undersigned, have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Birren*, 336 F.R.D. at 692 (holding that affirmative defenses are not subject to the heightened pleading standard of *Twombly* and *Iqbal*); *Dionisio,* 391 F. Supp. 3d at 1192 (same); *see also Gonzalez v. Scottsdale Ins. Co.*, No. 20-CV-20747, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (discussing the difference between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses) and collecting cases); *Mt. Hawley Ins. Co., v. Boca Bayou Condominium Ass'n., Inc.*, No. 18-CV-81656, 2019 WL 7837288 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. 18-CV-81656-SMITH, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020); *Kapow*, 2017 WL 5159601, at *2; *Mintco*, 2016 WL 3944101, at *3; *Hilson*, 2015 WL 5308713, at *2.

In the undersigned's view, and in the absence of Eleventh Circuit precedent, affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*. *See, e.g., Birren*, 336 F.R.D. at 692; *Milgram v. Chase Bank USA, N.A.*, No. 19-CV-60929, 2020 WL 3791609, at *3 (S.D. Fla. July 6, 2020) (discussing pleading standards and concluding that affirmative defenses are not subject to higher pleading standards).

### III. DISCUSSION

According to Plaintiff, the affirmative defenses at issue should be stricken because they fail to allege any facts upon which the defenses are based, assert bare-bones conclusions, constitute shotgun pleadings not related to a particular factual or legal allegation in the Amended Complaint, and fail to comply with the pleading standards of Rule 8(a) (hereafter, "Plaintiff's general allegations of insufficiency"). *See generally* (ECF No. 28). Plaintiff also argues that some of the defenses are legally invalid. *Id.* at 5-9. For the reasons discussed above at II.B., the undersigned declines Plaintiff's invitation to impose the higher pleading standard of Rule 8(a) and *Iqbal* and *Twombly* to affirmative defenses and finds that the affirmative defenses as pled provide sufficient notice to Plaintiff to withstand the motion to strike. Nonetheless, several of the affirmative defenses should be stricken for other reasons, as discussed below.

#### A. Defenses to be Treated as Denials
   (Affirmative Defenses Nos. 2, 18)

In its Second Affirmative Defense, Defendant asserts that Plaintiff's own negligence was the cause of her injuries. (ECF No. 25 at 16). Plaintiff argues that this affirmative defense is "merely" a denial, not an affirmative defense. (ECF No. 28 at 3). In its response, Defendant concedes that its Second Affirmative Defense is a denial, which should be treated as such and not be stricken. (ECF No. 31 at 5-6). The undersigned concludes that the Second Affirmative Defense should be treated as

a denial, and not be stricken.[5] *See, e.g., Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-24687, 2018 WL 5098972, at *9 (S.D. Fla. Aug. 14, 2018), *report and recommendation adopted sub nom. Lebron v. Royal Carribean Cruises Ltd.*, No. 16-CV-24687, 2018 WL 5098870 (S.D. Fla. Aug. 28, 2018) ("Defendant's assertion that [p]laintiff failed to exercise ordinary care as an affirmative defense is actually a denial.").

Next, Defendant's Eighteenth Affirmative Defense asserts that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. (ECF No. 25 at 19). Plaintiff moves to strike this defense, based on Plaintiff's general allegations of insufficiency. (ECF No. 28 at 10-11). The undersigned notes that a defense, like the Eighteenth Affirmative Defense, that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense, but a denial. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *see also Birren*, 336 F.R.D. at 697 (declining to strike defendant's affirmative defense that the amended complaint failed to state a cause of action, treating it instead as a specific denial) (citations omitted). "[W]hen a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial." *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (citing *F.D.I.C. v. Bristol Home Mortgage Lending, LLC,* No. 08-CV-81536, 2009 WL 2488302, *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, because this affirmative defense points out alleged defects in Plaintiff's case, it should be treated as a denial, rather than be stricken.

---

[5] Alternatively, this type of defense sounds of comparative fault, which is an appropriate affirmative defense, and should not be stricken. *Birren,* 336 F.R.D. at 693 (in discussing a similar defense, the court agreed that the defense as drafted "sufficiently apprise[d] [p]laintiffs of [defendant's] intent to raise the issue of . . . comparative fault and thus should not be stricken."). Under either interpretation, the defense should not be stricken.

### B. Defenses Alleging Intervening/Superseding Events and *Force Majeur* (Affirmative Defenses Nos. 4, 20, 22)

In Affirmative Defenses 4, 20, and 22, Defendant asserts that intervening or superseding events or a *force majeur*/Act of God caused Plaintiff's injuries. (ECF No. 25 at 16, 19, 20). "Under general federal maritime law, a superseding cause defense, if successful, completely exculpates the defendant of any liability in the matter." *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837-38 (1996)); *Birren*, 336 F.R.D. at 697. Plaintiff argues these defenses should be stricken based on Plaintiff's general allegations of insufficiency. (ECF No. 28 at 12).

The undersigned finds, however, that these defenses are sufficiently pled and provide Plaintiff with adequate notice of Defendant's intent to assert the existence of a superseding, intervening or unforeseeable event that "cut off any causal connection between [Defendant's] alleged negligence and [Plaintiff's] injuries." *Birren*, 336 F.R.D. at 697; *see also 7703 Palomar St., LLC v. Boca Ven Land of Ft. Pierce, Inc.*, No. 08-CV-14182, 2008 WL 11331778, at *1 (S.D. Fla. Aug. 25, 2008) (denying motion to strike a "*force majeure* claim, which assert[ed] that any deficiencies in the [d]efendant's performance were due to circumstances beyond its control . . ."). Lastly, whether an incident was caused by an intervening/superseding event or *force majeur*/Act of God is an issue of fact that is better resolved at the summary judgment stage rather than in a motion to strike. *Birren*, 336 F.R.D. at 697 (citing *Iskandar v. Royal Caribbean Cruises, Ltd.*, No. 18-CV-23812, 2018 WL 7463362, at *2 (S.D. Fla. Nov. 20, 2018)); *Francis v. MSC Cruises, S.A.*, No. 18-CV-61463, 2018 WL 4693526, at *1 (S.D. Fla. Sept. 27, 2018). Accordingly, the undersigned recommends that the Fourth, Twentieth, and Twenty-Second Affirmative Defenses not be stricken.

### C. Defenses Alleging Mitigation and Comparative Fault
   (Affirmative Defenses Nos. 5, 6, 9)

In its Fifth Affirmative Defense, Defendant asserts that Plaintiff failed to act timely and reasonably and/or failed to exercise due care to minimize or mitigate her damages. (ECF No. 25 at 17). Plaintiff argues that the defense should be stricken based on Plaintiff's general allegations of insufficiency. (ECF No. 28 at 2-3). In response, Defendant argues that "without the benefit of a pre-filing investigation or discovery, [it] cannot be expected to provide specific factual details to support its defense," but the defense as drafted nonetheless provides sufficient notice to Plaintiff. (ECF No. 31 at 6).

Failure to mitigate damages is a valid defense in admiralty cases. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). Here, the undersigned finds that the Fifth Affirmative Defense provides sufficient notice to Plaintiff and should not be stricken. *See, e.g., Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-24687, 2017 WL 7792720, at *4 (S.D. Fla. Aug. 18, 2017), *report and recommendation adopted,* No. 16-CV-24687, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017) (general allegation of failure to mitigate defense was sufficient to place plaintiff on notice that the defense was being raised and should not be stricken) (citing *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 681 (S.D. Fla. 2015)).

Next, the Sixth Affirmative Defense asserts that Plaintiff's damages were caused by Plaintiff's pre-existing injuries and not by any act or omission of Defendant. (ECF No. 25 at 17). It also asserts that Defendant should be responsible only "for an amount commensurate with the degree" that it aggravated Plaintiff's pre-existing injury. *Id.* Plaintiff moves to strike this defense based on Plaintiff's general allegations of insufficiency. (ECF No. 28 at 4). In addition, citing to Florida Jury Instruction 501.5(a), Plaintiff alleges that this defense misstates the law and should be stricken with prejudice. *Id.* at 5. In response, Defendant argues that the affirmative defense provides adequate notice and does not conflict with the jury instruction cited by Plaintiff. (ECF No. 31 at 6-7).

Given the more relaxed pleading standard for affirmative defenses, *see supra* at II.B., the undersigned finds that the Sixth Affirmative Defense puts Plaintiff on notice that Defendant will raise a question of causation, *i.e.*, whether Plaintiff's injuries were caused by pre-existing conditions or by Defendant. *Birren*, 336 F.R.D. at 694; *see also Najmyar v. Carnival Corp.*, No. 17-CV-22448, 2017 WL 7796327, at *3 (S.D. Fla. Aug. 28, 2017)). In addition, "[t]he evidence to support this defense would, if it exists at all, be largely, if not exclusively, from Plaintiffs' own medical records." *Birren*, 336 F.R.D. at 694 (citing *Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-CV-20924, 2019 WL 2709810, at *11 (S.D. Fla. June 28, 2019), *report and recommendation adopted*, No. 16-CV-20924, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019)). "Through the discovery process both [p]arties no doubt will have the opportunity to uncover [p]laintiff's pre-existing injuries, if any, and will be able to argue the relevance of those injuries to the action at bar." *Birren*, 336 F.R.D at 694 (citing *Lebron*, 2017 WL 7792720, at *5). Lastly, the wording of the affirmative defense is not inconsistent with governing law or Florida's jury instruction. *Birren*, 336 F.R.D. at 694 (refusing to strike almost identical defense despite plaintiffs' argument that the language of the defense misstated the law regarding pre-existing conditions in Florida Jury Instruction 501.5(a)). Accordingly, the Sixth Affirmative Defense should not be stricken.

In its Ninth Affirmative Defense, Defendant asserts that Plaintiff had actual knowledge and/or notice of the alleged dangerous condition and voluntarily exposed herself to it, thus assuming the risk. (ECF No. 25 at 17). In addition to Plaintiff's general allegations of insufficiency, Plaintiff argues that this affirmative defense should be stricken because the assumption of risk doctrine is not applicable under general maritime law. (ECF No. 28 at 5-6). In response, Defendant argues that Plaintiff's reading of the defense is too narrow because, in addition to assumption of risk, it includes the defense of an obvious danger as to which Defendant had no duty to warn. (ECF No. 31 at 7-8).

11

The undersigned is not persuaded by Defendant's expansive reading of the Ninth Affirmative Defense to include the defense of an open and obvious danger with no resulting duty to warn. Indeed, Defendant's Eighth Affirmative Defense, which Plaintiff does not challenge, clearly asserts the open and obvious doctrine.[6] Thus, Defendant's broad reading of its Ninth Affirmative Defense would make it duplicative of its Eighth Affirmative Defense, and thus redundant and subject to striking. *See, e.g., Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005) (striking with prejudice affirmative defense of estoppel and denying hypothetical broader reading because of its redundancy with another affirmative defense). Moreover, contrary to Plaintiff's argument, the assumption of risk defense is available in maritime cases where, as here, the defendant alleges that *the plaintiff* assumed the risk. *Wiegand*, 473 F. Supp. 3d at 1351. That said, however, "'[a]ny assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence,' to ensure that [it] 'is not a bar to recovery, but only mitigates damages.'" *Id.* (citing *In re Gozleveli*, No. 12-CV-61458, 2015 WL 3917089, at *4-5 (S.D. Fla. June 25, 2015)); *see also Edward Leasing Corp. v. Uhlig & Assocs., Inc.*, 785 F.2d 877, 886 (11th Cir. 1986) ("The assumption of the risk defense is not a bar to recovery in admiralty. [Rather] [a]ny rule of assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence and in harmony with it." (citing *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. 424, 431 (1939)); *but cf. Najmyar*, 2017 WL 7796327, at * 2 (finding that assumption of risk is an invalid defense under maritime law). Given the more liberal pleading standard for affirmative defenses, the undersigned finds that the Ninth Affirmative Defense placed Plaintiff on notice of Defendant's intent to reduce its damages by percentage of fault, including an assumption of

---

[6] In the Eighth Affirmative Defense, MSC asserts that "the alleged dangerous condition, if any, was apparent, open and obvious to the passengers of the subject vessel, including Plaintiff, and should have been observed by Plaintiff in the ordinary use of her senses." (ECF No. 28 at 17).

risk, attributable to Plaintiff. *See In re Gozleveli*, 2015 WL 3917089, at *4 (citing *Gorday v. Faris,* 523 So. 2d 1215, 1219 (Fla. 1st DCA 1988)). Accordingly, the Ninth Affirmative Defense should not be stricken.

### D. Defense Alleging Estoppel
### (Affirmative Defense No. 7)

The Seventh Affirmative Defense asserts that Plaintiff's failure to exercise reasonable care estops Plaintiff from claiming damages. (ECF No. 25 at 17). Plaintiff argues that this defense should be stricken based on Plaintiff's general allegations of insufficiency. Read in conjunction with the allegations in the Second Affirmative Defense (even if deemed to be a denial), the estoppel affirmative defense provides sufficient notice to Plaintiff. *See also EEOC v. Darden Rests., Inc.*, No. 15-CV-20561, 2016 WL 9488709, at *4 (S.D. Fla. June 1, 2016) (denying motion to strike equitable affirmative defenses, including estoppel, where defendant explained its legal theory). Accordingly, this defense should not be stricken.

### E. Defenses Alleging Apportionment of Fault to a Non-Party
### (Affirmative Defenses Nos. 10, 12)

In addition to Plaintiff's allegations of insufficiency, Plaintiff argues that the Tenth and Twelfth Affirmative Defenses, (ECF No. 25 at 18), are based on Florida's *Fabre* doctrine, which is not legally cognizable in federal maritime cases, and should be stricken.[7] (ECF No. 28 at 7-8). More specifically, the Tenth Affirmative Defense asserts that Defendant's liability should be reduced because of the "actions and/or omissions of third parties." (ECF No. 25 at 18). The Twelfth Affirmative Defense asserts that "any recovery [by Plaintiff from Defendant] should be reduced in proportion to the

---

[7] In *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), the Florida Supreme Court held that "judgment should be entered against each party liable on the basis of that party's percentage of fault," regardless of whether other liable persons have been named as defendants in the subject lawsuit. Accordingly, *Fabre* permits reduction of a named defendant's liability by the fault of *non-parties* to the suit.

respective negligence, fault or responsibility of all other parties, persons, or entities . . . in accordance with the law governing comparative fault." *Id.*

"The Eleventh Circuit has held that it is error to apportion fault between a party and a non-party in a federal maritime action, because determinations of liability and causation should be settled 'between two live opponents,' rather than by a plaintiff and a defendant, in the absence of the non-party to whom liability is being apportioned." *Wiegand,* 473 F. Supp. 3d at 1351 (citing to *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993)). Thus, Florida's *Fabre* defense allowing apportionment of liability to non-parties is not applicable in federal maritime actions. *Id.*; *see also Barrios v. Carnival Corp.*, No. 19-CV-20534, 2019 WL 1876792, at *3 (S.D. Fla. Apr. 26, 2019). Instead, under general maritime law, the "principles of joint and several liability under which a plaintiff may obtain judgment for the full amount against any and all joint tortfeasors without regard to percentage of fault are binding." *Wiegand,* 473 F. Supp. 3d at 1351 (internal quotation marks omitted) (citing *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716 (11th Cir. 1982)); *Barrios,* 2019 WL 1876792, at *3.

In sum, because the *Fabre* doctrine is inapplicable in maritime cases, these defenses are not legally cognizable. Accordingly, the Tenth and Twelfth Affirmative Defenses should be stricken with prejudice because they impermissibly seek to apportion fault to a non-party. Moreover, the deadline to join additional parties has expired.[8] Lastly, to the extent that these defenses sought to assert the legally cognizable defense of comparative negligence, Defendant has already done so in its Thirteenth Affirmative Defense.[9]

---

[8] The deadline for joinder of parties expired December 18, 2020. (ECF No. 18).

[9] The Thirteenth Affirmative Defense, which Plaintiff does not contest, states: "[Defendant] asserts that its liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiff for the reasons set forth in the preceding and subsequent affirmative defenses." (ECF No. 25 at 18).

### F. Defense Alleging Passenger Ticket Contract (Affirmative Defense No. 17)

As its Seventeenth Affirmative Defense, Defendant asserts that "this action is governed by, and subject to, the terms, limitations and conditions contained within the Passenger Ticket Contract . . . ." (ECF No. 25 at 19). Plaintiff moves to strike this defense based on Plaintiff's general allegations of insufficiency. (ECF No. 28 at 10-11). Defendant argues, however, that the defense is sufficient as written, and that Plaintiff's counsel should be able to read and understand the ticket contract. (ECF No. 31 at 10).

Despite the more liberal pleading requirements for affirmative defenses, "[l]imitations of liability in cruise-ship tickets are not enforceable against negligence claims." *Birren*, 336 F.R.D. at 693 (citing to *Johnson v. Royal Caribbean Cruises, Ltd.*, 449 F. App'x 846, 848 (11th Cir. 2011)). "Although other provisions, like venue, are enforceable, those provisions are irrelevant as to Defendant's liability and therefore cannot serve as affirmative defenses." *Birren*, 336 F.R.D. at 693-94 (citing *Iskandar*, 2018 WL 7463362, at *2); *see also Barrios*, 2019 WL 1876792, at *2 (rejecting a defendant's affirmative defense seeking waiver of liability based on terms of the ticket contract as "wholly irrelevant and void, as no part of the ticket contract may be used by Defendant to waive liability for negligence."). Accordingly, the undersigned recommends for the Seventeenth Affirmative Defense to be stricken with prejudice.

## IV. RECOMMENDATION

For reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 28) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion be **DENIED** as to Defendant's Second and Eighteenth Affirmative Defenses. These Affirmative Defenses should be **TREATED AS DENIALS**.

2. The Motion be **DENIED** as to Defendant's Fourth, Fifth, Sixth, Seventh, Ninth, Twentieth, and Twenty-Second Affirmative Defenses.

3. The Motion be **DENIED AS MOOT** as to Defendant's Sixteenth Affirmative Defense.

4. The Motion be **GRANTED** as to Defendant's Tenth, Twelfth, and Seventeenth Affirmative Defenses. These defenses should be **STRICKEN WITH PREJUDICE**.

Within **seven (7)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 27, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record